## Condon v. Brockway et al.

1. Continuance—*Inability of Attorney to Attend Trial.*—An affidavit by the attorney in a suit for a continuance on the ground that he was unable to try the cause or attend upon the court by reason of sickness was held insufficient because it did not appear when the attorney would be able to try the cause and that there had been ample time to employ another attorney.

Memorandum—Forcible detainer. Appeal from the Superior Court of Cook County; the Hon. Theodore Brentano, Judge, presiding. Heard in this court at the October term, 1893, and affirmed. Opinion filed February 6, 1894.

The statement of facts is contained in the opinion of the court.

Allan C. Story, attorney for appellant.

F. H. Trude, attorney for appellees.

OPINION OF THE COURT, WATERMAN, J.

It is insisted by appellant that it was an abuse of its discretion for the court to refuse to continue the trial of this cause.

Appellant, on the 10th of June, presented to the trial court the affidavit of Allan C. Story, setting forth that he had been, some two months previous, retained by the defendant, but had been unable to consult with her until June 30th; that he was taken ill on July 3d and was still confined to his house by sickness, and unable to try the cause or attend upon the court; that he has been unable to obtain certain chancery files, and without an examination of them he could not properly prepare for trial; that from the examination he has made he believes that the defendant has a good defense upon the merits; that he is informed that the cause occupied three hours in the trial before the justice, and can not be again tried in one hour.

Appellant also presented the affidavit of Wm. H. Condon that he considered the services of Mr. Story at the trial indispensable to the defendant, and also her own affidavit setting forth her retainer of Mr. Story as her sole attorney and her reliance upon him and that she can not safely proceed to trial without his presence, and that she has fully stated her case to him and he has informed her that she has a valid defense upon the merits.

We do not think that under this showing the court was bound to continue the case. It did not appear when, if ever, the eminent counsel employed would be able to try the cause; there had been ample time in which to have engaged another attorney—indeed, a well known and able attorney appeared and moved for the continuance.

It is not shown that there was in appellant's defense anything so complicated or intricate as to require long and diligent preparation for its adequate presentation.

The evidence adduced by the plaintiff might perhaps have been excluded had the counsel employed to ask for a continuance not refused to take part in the trial; not being objected to, it was properly admitted, and was sufficient to warrant the instruction to find a verdict for the plaintiff.

A verdict should always be the conclusion of the law from the proven facts.

It is stated in the abstract that the court, orally, instructed the jury to find the defendant guilty.

The record does not warrant such conclusion.

The record is merely:

" The court instructs the jury to find the defendant guilty of forcible entry and detainer."

This is not an attempt to give the language of an instruction, but states a conclusion, and whether the instruction was oral or written does not appear.

It is urged that the cause was neither properly on the short cause calendar or properly called for trial. Nothing appears in the record to sustain such insistence.

The judgment of the Superior Court is affirmed.